UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| IVORY HILL, | ) |
| --- | --- |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CAUSE NO. 3:17-CV-736-PPS-MGG |
| | ) |
| WARDEN, | ) |
| | ) |
| Respondent. | ) |

OPINION AND ORDER

Ivory Hill, a prisoner without a lawyer, filed a habeas corpus petition challenging a disciplinary hearing (WCC 16-12-368) where a Disciplinary Hearing Officer (DHO) found him guilty of possession or use of a controlled substance in violation of Indiana Department of Correction (IDOC) Policy B-202. ECF 1 at 1. As a result, he was sanctioned with the loss of 30 days earned credit time and demoted in credit class. *Id*. The Warden has filed the administrative record. Hill has not filed a traverse and the time to do so has passed. Thus, this case is fully briefed.

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418

U.S. 539 (1974). To satisfy due process, there must also be "some evidence" in the record to support the guilty finding. *Superintendent, Mass Corr Inst. v. Hill*, 472 U.S. 445, 455 (1985). In his petition, Hill asserts there are three grounds, all which amount to a challenge to the sufficiency of the evidence, that he claims entitle him to habeas corpus relief.

In the context of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

Here, Hill was found guilty of violating IDOC offense B-202 which prohibits inmates from "[p]ossession or use of any unauthorized substance controlled pursuant

to the laws of the State of Indiana or the United States Code or possession of drug paraphernalia." Indiana Department of Correction, Adult Disciplinary Process: Appendix I. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf.

The Conduct Report charged Hill as follows:

> On [December 21, 2016], at the approximate time, Offender Hill, Ivory DOC# 157862 was observed on CCTV SE2 12:49:36, smoking with two offenders, what he later verbally admitted to being K2.

ECF 4-1.

In assessing the evidence, the DHO determined there was sufficient evidence in the record to find Hill guilty of possession or use of a controlled substance in violation of offense B-202. A conduct report alone can be enough to support a finding of guilt. *McPherson*, 188 F.3d at 786. Such is the case here. In the conduct report, Sergeant Smotek detailed his observation of Hill on CCTV SE2 smoking with two other offenders and memorialized Hill's admission that he was, in fact, smoking synthetic marijuana or K2. ECF 4-1. Here, Hill's confession is sufficient evidence of his guilt. *Scruggs v. Jordan*, 485 F.3d 934, 940 (7th Cir. 2007) (in assessing the sufficiency of the evidence, the court "need look no further than one key piece of evidence: [his] confession"). Given Hill's admission of guilt and Sergeant Smotek's conduct report detailing the offense, there was more than "some evidence" for the DHO to find Hill guilty of offense B-202. Therefore, the DHO's finding that Hill was guilty was neither arbitrary nor unreasonable in light of these facts.

Nevertheless, Hill argues the evidence is insufficient to sustain the guilty finding because the DHO did not take into consideration that: (1) he actually smoked a cigarette and not K-2; (2) he tested negative for K-2 and officers attempted to force an confession from him; and (3) he should have been charged with the use of tobacco and not a controlled substance. ECF 1 at 2-3. Hill also complains the DHO did not consider the witness statements of offenders Robert Summers and Leon Willis who stated Hill was smoking a cigarette. ECF 1 at 3, 4-2 at 1, 4-3 at 2-3. However, that is not the case. The DHO did consider all of the record evidence, including the statements from Summers and Willis. ECF 4-3 at 1. Here, it appears that Hill is asking the court to reweigh the evidence but that is not the role of the court. *McPherson*, 188 F.3d at 786 (the court is not "required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence."). Rather, it is the court's role to determine if the DHO's decision to revoke good time credits has some factual basis. Because the DHO, who presided over Hill's hearing, thoroughly considered all of the relevant evidence, including staff reports, Hill's statement that he was only smoking a cigarette, and the witness statements, there was no violation of Hill's due process rights. Therefore, Hill has not identified a basis for granting habeas corpus relief.

If Hill wants to appeal this order, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on

4

appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

For these reasons, Ivory Hill's petition for writ of habeas corpus is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED on November 15, 2018.

/s/ Philip P. Simon_____
PHILIP . SIMON, JUDGE
UNITED STATES DISTRICT COURT